IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

        v.

STEVEN D. RODEMER,

    Defendant.

## COMPLAINT

Plaintiff, the United States Securities and Exchange Commission ("SEC"), alleges as follows:

### NATURE OF THE ACTION

1. The SEC brings this enforcement action against investment adviser Steven D. Rodemer ("Rodemer") for abusing his role as power of attorney to misappropriate hundreds of thousands of dollars from his elderly, widowed advisory client ("D.H.").

2. From at least March 2012 through December 2019, Rodemer served as the investment adviser to D.H. and handled all of D.H.'s finances, including advising her on overall investment strategy and placing orders to execute this strategy. He also met with D.H. to discuss her finances, and had the authority to and did move money between her bank and brokerage accounts.

3. Rodemer took advantage of his position as D.H.'s investment adviser, and the power of attorney authority she granted him, by misappropriating $451,889 of D.H.'s funds. Rodemer used the funds for a variety of personal expenses, including to cover construction and maintenance costs on his vacation home in Breckenridge, Colorado, to pay insurance premiums, to fund an undisclosed brokerage account in his wife's name, to make credit card payments, and to pay for a number of other miscellaneous, everyday expenses like gas and groceries.

4. Rodemer's deceptive conduct continued even after he became aware that his misconduct was being investigated. While engaged in this misconduct, Rodemer was a registered representative and investment adviser representative at a dually registered investment adviser and broker-dealer ("Registrant"). Registrant identified possible misconduct by Rodemer in or about November 2019, and confronted him shortly thereafter. In an effort to avoid the consequences of his actions, Rodemer met with D.H. and had her sign a statement, which he prepared, noting that he had discussed his wrongdoing with her and identifying certain instances of his misappropriation. The statement, however, was incomplete and misleading, as it only disclosed the few transactions that Registrant had identified, and not the dozens of instances through which Rodemer had continually misappropriated funds from D.H. since 2012.

5. By engaging in this conduct, Rodemer violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2). Unless restrained and enjoined, Rodemer will continue to violate the federal securities laws.

## JURISDICTION AND VENUE

6. The SEC brings this action pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-9(d)], under which the Court has jurisdiction. Rodemer, directly or indirectly, made use of the mails or any means or instrumentality of

interstate commerce, in connection with the acts, practices, and courses of business set forth in this Complaint.

7. Venue is proper in this Court because Rodemer resides in this District and certain of the acts, practices, and courses of business constituting the violations alleged in this Complaint occurred within this District.

## DEFENDANT

8. **Steven D. Rodemer**, age 68, resides in Colorado Springs, Colorado. Rodemer joined Registrant in November 2011 as a registered representative and investment adviser representative. Registrant suspended Rodemer as a result of its investigation into the conduct described herein, and ultimately terminated him on January 6, 2020. At that time, Rodemer maintained his Series 7, 12, 24, 63, and 65 licenses. On March 26, 2020, FINRA barred Rodemer from associating with any FINRA member in any capacity for refusing to appear for testimony in connection with FINRA's investigation into his misappropriations. Rodemer relinquished his role as the power of attorney for D.H. on or about January 6, 2020. Rodemer entered into a tolling agreement to toll the running of any statute of limitations against him from May 11, 2020 through November 11, 2020.

## RELATED PARTY

9. Registrant has been registered with the Commission as a broker-dealer since 1936 and as an investment adviser since 1975.

## FACTS

*Background on Rodemer's Relationship with D.H.*

10. D.H., an advisory client of Rodemer, was a widowed homemaker that resided in an assisted living center in Centennial, Colorado. She passed away in February 2020.

3

11. D.H. and her late husband were long-time customers/clients of Rodemer. They held accounts at the dually registered broker-dealer and investment adviser firms where Rodemer was associated, and he provided them financial advice and services on their accounts.

12. Over the years, D.H. developed a relationship of trust and confidence with Rodemer. Around the time he joined Registrant, in November 2011, Rodemer became power of attorney for D.H. and her late husband.

13. After D.H.'s husband passed away in June 2014, D.H. maintained a single brokerage account in her name at Registrant, as well as a bank account. As power of attorney, Rodemer had full authority over D.H.'s financial, legal, and medical affairs.

14. Although Registrant would not allow Rodemer to serve as the named registered representative on D.H.'s brokerage account because of the power of attorney relationship, Rodemer directed all transactions in her account. Rodemer handled all of D.H.'s finances, advised on overall investment strategy and progress, conducted meetings with her concerning her finances, moved money between her bank and brokerage accounts, paid her bills, and ultimately executed his recommended investment strategy by placing trades in D.H.'s account through Registrant's sales assistants.

15. D.H.'s account statements were sent to Rodemer's home address only. D.H. did not have online access to her accounts. Consequently, she relied upon Rodemer for information regarding the balances and transactions in her accounts.

*Rodemer Misappropriated D.H.'s Assets*

16. Beginning in March 2012, just months after the power of attorney relationship began, Rodemer started misappropriating funds from D.H. and her late husband. Rodemer used the power of attorney authority to intentionally withdraw funds from both D.H.'s brokerage and

4

bank accounts for his own personal benefit, primarily by writing checks made out to himself or to his own bank. Rodemer continued writing checks from D.H.'s accounts, doing so on multiple occasions each year from 2012 through 2019. Rodemer used the funds he misappropriated for a variety of personal expenses, including to cover construction and maintenance costs on his vacation home in Breckenridge, Colorado, to pay insurance premiums, and to fund an undisclosed brokerage account in his wife's name at another broker-dealer.

17. Beginning in July 2018, Rodemer also intentionally used D.H.'s Registrant account-issued debit/credit card to pay his own personal expenses at gas stations and grocery and hardware stores, and later to withdraw cash from the ATM. Thereafter, in November 2019, Rodemer intentionally used funds from D.H.'s bank account to make four online payments on his personal credit card bills.

18. In total, Rodemer misappropriated over $451,889 from D.H.'s accounts from March 2012 through 2019, including $136,098 after May 2015.

19. Not one of these transactions was authorized by D.H.

*Rodemer Concealed His Misappropriation*

20. On more than one occasion, Rodemer knowingly provided misleading or false statements to Registrant personnel concerning certain transactions made in D.H.'s account, thus obfuscating his misappropriations. Rodemer also provided false annual attestations to Registrant indicating that he had fully disclosed all requisite brokerage accounts when, in fact, he had not disclosed the account held in his wife's name where he deposited misappropriated funds from D.H.

21. When Registrant's investigation of D.H.'s account identified evidence of some of Rodemer's misappropriation, Rodemer had D.H. sign a statement he prepared that noted he had

discussed his wrongdoing with her. The statement, however, was incomplete, as it only disclosed the few transactions identified by Registrant and not the dozens of instances through which he had continually misappropriated funds from D.H. since 2012.

***Rodemer Breached his Fiduciary Duties to D.H. By Engaging in Fraudulent Conduct***

22. Rodemer was an investment adviser to D.H. from at least March 2012 through December 2019 because he provided financial advice to her in exchange for compensation, which he obtained through the funds he misappropriated. Rodemer had a fiduciary duty to D.H. that required him to exercise good faith in dealing with her, to disclose all material facts to her, and to employ reasonable care to avoid misleading D.H.

23. By using D.H.'s accounts to write checks, withdraw cash, and place debit/credit card transactions for his own personal benefit, without D.H.'s knowledge and approval, Rodemer continuously breached his fiduciary duty and defrauded his client, D.H.

24. Rodemer knowingly engaged in repeated misappropriation of D.H.'s assets and obfuscation of his fraudulent conduct, and acted in a manner that was a clear departure from the standard of care a reasonable investment adviser is required to follow when advising his or her client.

25. On at least 65 occasions from May 2015 through December 2019, Rodemer misappropriated funds from Hutchison totaling $136,098.

26. Altogether, from March 2012 through December 2019, Rodemer misappropriated at least $451,889 from D.H.'s accounts, for his own benefit, through approximately 98 separate transactions. This amount was a significant percentage of D.H.'s overall assets.

27. Rodemer has since returned the misappropriated funds, which have been deposited into D.H.'s account at Registrant.

## FIRST CLAIM FOR RELIEF
### Fraud by an Investment Adviser:
### Section 206(1) of the Advisers Act
### [15 U.S.C. § 80b-6(1)]

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference.

29. By engaging in the conduct described above Rodemer, an investment adviser, directly or indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, acting with scienter, employed devices, schemes or artifices to defraud his client.

30. By reason of the foregoing, Rodemer violated and, unless restrained and enjoined, will continue to violate Section 206(1) of the Advisers Act.

## SECOND CLAIM FOR RELIEF
### Fraud by an Investment Adviser:
### Section 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(2)]

31. Paragraphs 1 through 27 are hereby realleged and incorporated by reference.

32. By engaging in the conduct described above Rodemer, an investment adviser, directly or indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon his client.

33. By reason of the foregoing, Rodemer violated and, unless restrained and enjoined, will continue to violate Section 206(2) of the Advisers Act.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Find that Rodemer committed the violations alleged in this Complaint;

## II.

Enter an Injunction, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently restraining and enjoining Rodemer from violating, directly or indirectly, the laws and rules alleged in this Complaint;

## III.

Order that Rodemer pay civil money penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(d)] in an amount to be determined by the Court, plus post-judgment interest;

## V.

Grant such other relief as this Court may deem just or appropriate.

## **JURY DEMAND**

The Commission demands a jury in this matter.

Dated: September 3, 2020

Respectfully submitted,

*s/ Polly Atkinson*
Polly A. Atkinson
Terry R. Miller
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1046 (Atkinson)
(303) 844-1041 (Miller)
atkinsonp@sec.gov
millerte@sec.gov